584

■ CARROLL G. HINKLEY, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 44649.) — HERLIHY, J. Appeal by the State and cross appeal by the claimant from a judgment of the Court of Claims awarding the sum of $32,422 to the claimant for direct and consequential damages resulting from a highway appropriation. The claimant has abandoned his cross appeal as to the inadequacy of the award and concedes that the direct damage allocated by the court to a designated Parcel No. 54 was excessive by the sum of $3,050 as contended by the State. The State contends firstly that since the claimant was a town assessor, the assessed valuation of his property should have been given considerable, if not conclusive, weight as to the before value of the farm. However, the cases cited by the State are inapplicable to the present situation. The State further contends that the award of the flat sum of $20,000 for consequential damage without an assessment of such damage to the various component factors of this farm renders the award non-reviewable and requests a remittance for specific findings. The State's expert testified to consequential damage of $3,300 and the claimant's expert testified to consequential damage of $42,000. After completing its determination of the direct damage, the court stated: " There was proof offered that prior to the appropriation the farm could and did carry sixty cows and that after the appropriation it could carry 40 cows." Since the highest and best use for the subject premises both before and after the taking was for a dairy farm, the consequential damage awarded would appear to be based upon the reduction in productivity and is supported by the findings of the court. Judgment modified, on the law and the facts, so as to reduce the award to $29,372, with appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO JOSEPH MURRAY, Appellant.— Per Curiam. Appeal from a judgment of the County Court of Warren County, rendered upon a verdict convicting defendant of the crimes of robbery in the first degree and assault in the second degree. Appellant rests his appeal in large part on his allegation of an unlawful search and seizure of his apartment, resulting in the production on the trial of two badges or large buttons bearing supposedly humorous legends, the badges being identified by the complaining witness as those taken from her at the time of the assault and robbery; but there was proof that they were recovered from defendant's automobile pursuant to a search for which he gave permission, this following his identification by complainant and his voluntary confession. Thus, the trial court found upon adequate evidence, received at a pretrial hearing, that " there was testimony which convinced the Court that both buttons were in the automobile of the defendant, and that the defendant voluntarily permitted the police to search his automobile "; and no sound reason appears for rejecting that conclusion. We are unable to sustain appellant's claim of reversible error in the reception of evidence of the circumstances surrounding his arrest, this proof being elicited in part through the witness' inadvertence and in part by defendant's attorney and involving no substantial prejudice. We have examined appellant's additional assignments of error, whether or not they are properly before us, and find them equally insubstantial. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum Per Curiam.